John T. JOYCE, et al., Plaintiffs,

v.

**SILVERI TILE COMPANY, L.C., Defendant.**

Civil Action No. 97–1635(JLG).

United States District Court, District of Columbia.

Jan. 26, 1999.

Ira R. Mitzner, Bridget O'Connor, Dickstein, Shapiro Morin & Oshinsky, LLP, Washington, DC, for plaintiffs.

Arthur H. Blitz, Paley, Rothman, Goldstein, Rosenberg & Cooper, Chtd., Bethesda, MD, for defendant.

Francis J. Newton, Jr., Berry Moorman P.C., Detroit, MI.

*MEMORANDUM AND ORDER*

JUNE L. GREEN, District Judge.

These matters are before the Court on Silveri Tile Company L.C.'s Motion for Reconsideration of this Court's Memorandum and Order of November 25, 1998, and Plaintiffs' Motion for Supplemental Damages.[1] The Motion for Reconsideration is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

**BACKGROUND**

This was an action for delinquent contributions claimed by Plaintiffs pursuant to a collective bargaining agreement (CBA) for covered work performed from January 1992 through April 1998. In an opinion dated November 25, 1998, this Court granted Plaintiffs' Motion for Summary Judgment, concluding that 1) Defendant's contract defenses failed as a matter of law; 2) unilateral repudiation of section 8(f) prehire agreements could not be used as a defense in an ERISA action to collect past due contributions; 3) Silveri Tile and Silveri Tile Company, L.C. were alter egos, and 4) the automatic renewal clause between the parties to a section 8(f) Agreement bind the parties to contribute to the rate in effect at the time work was performed. Defendant now seeks to have that Order amended. For the reasons set forth below, Defendant's motion is denied.

---

1. The motion for supplemental damages was filed at the invitation of the Court and seeks interest and liquidated damages that have accrued during the pendency of this case.

## DISCUSSION

■ A motion brought pursuant to Federal Rule of Civil Procedure 59(e) gives the Court discretionary authority to reconsider an earlier ruling when there has been an "intervening change of controlling law, new evidence becomes available, or there is need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996), *citations omitted.* This Court finds none of these elements to be present here.

■ Defendant seeks reconsideration of this Court's ruling that the automatic renewal clause obligates Defendant to contribute at the rate in effect at the time the work was performed. Defendant argues that this Court, without citing any authority or support, unconditionally accepted the calculations of the Plaintiffs' auditor, thereby ignoring established National Labor Relations Board law. Defendant then requests that the Court amend its opinion and reduce Defendant's obligation to pay contributions to reflect the rates set forth in the Local 40 CBA, effective June 1986 to June 1987, and the Local 32 CBA, effective from June 1987 to June 1989.

In support of this argument, Defendant cites the case of *James Luterbach Constr. Co.*, 315 NLRB 976, 1994 WL 715997 (1994), in which the Board addressed the issue concerning the obligations of section 8(f) employers in the context of multiemployer bargaining and successor multiemployer contracts. There, the board held that "on expiration of an 8(f) agreement, [an employer] is free to withdraw recognition of the union and avoid any obligation to bargain for a successor contract." *Id.* 315 NLRB at 978, 1994 WL 715997, at *4. The case acknowledges, however, different circumstances in which this rule would not apply. One such instance is in a situation where, as here, the employer obligates itself, through a renewal clause, to succeeding agreements. *Id.*

Although Defendant contends that the renewal clause in the CBA's did not bind Silveri to the terms of a separate successor contract, case law is to the contrary. In *NLRB v. Baker*, 105 F.3d 647 (4th Cir. 1997) (unpublished), the question before the court was whether a company was bound to a current section 8(f) agreement when, in its original contract, it only agreed to be bound to the then "current approved labor agreement." In *Baker*, the company argued that because the original section 8(f) had been replaced by four successor agreements, its consent in the "me-too" documents it originally signed authorizing a multiemployer bargaining association to represent it in section 8(f) negotiations, did not bind it to the current agreement.[2] The court found to the contrary. In reaffirming the ALJ's previous decision, the court held that the company was bound to the current section 8(f) agreement because the company's delegation of bargaining authority to the multiemployer bargaining association continued until revoked. *Id.* at 3.

Like the defendant in *Baker*, Silveri incorrectly argues that it "was merely a 'me-too' signatory to certain CBA's between the multiemployer group and the local union." (*See* Defendant's Mtn. for Recon. at 4). In addition, Silveri cites the renewal clauses in both the 1987 Local 40 CBA and the 1989 Local 32 CBA, stating that the renewal clauses in each CBA did not bind Silveri to separate successor contracts, but only to the terms of the current contract. In *Baker*, however, the court makes clear that an employer is bound to a new collective bargaining agreement that becomes effective after a "me-too" document is signed. *Baker*, 105 F.3d at 3.

Finally, the Court would like to make clear how it came to the conclusion that automatic renewal clauses between the parties to a section 8(f) Agreement bind the parties to contribute at the rate in effect at the time the work was performed.

---

**2.** 29 U.S.C. § 158(f).

Title 29 U.S.C. § 1145, ERISA section 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Here, the Court is acknowledging that it is the employer's responsibility to abide by the terms and conditions of the specific contract applicable to a specific point in time. *See Cedar Valley Corp. v. NLRB,* 977 F.2d 1211 (8th Cir.1992). Applied to Silveri, this reasoning supports the conclusion that Silveri must now pay the rates in effect as determined by the contract controlling at the time work was preformed.

## CONCLUSION

For the reasons stated, the Court finds no basis to alter its judgment in this case. The Defendant has failed to show that there has been an intervening change of controlling law, new evidence has become available, or there is a need to correct a clear error or prevent manifest injustice.

Accordingly, for the reasons stated above, and the entire record in this case, it is by this Court this 25th day of January 1999,

**ORDERED** that Defendant's Motion is **DENIED**; it is further

**ORDERED** that the Plaintiffs' Motion for Supplemental Damages is **GRANTED** and the Plaintiffs are awarded supplemental damages as follows:

| | |
|---|---|
| $15,858.50 | (interest for 6/2/98—12/2/98) |
| $15,858.50 | (interest for 6/2/98—12/2/98) |
| $26,120.00 | (representing attorney's fees) |
| $57,837.00 | Total Supplemental Damages |